[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
RE: MOTION TO STRIKE #109
The plaintiffs, Maria Ortiz and Sandra Soto, filed a two-count complaint on October 17, 1996. Named as a defendant is Willie L. Clemmons. The plaintiffs allege that they suffered injuries when the automobile they were in was struck from behind by an automobile that was struck from behind by the defendant. The plaintiffs have brought causes of action for negligence and recklessness in counts one and two respectively.
On January 23, 1997, the defendant filed an apportionment complaint, naming the city of Danbury as an apportionment defendant. The defendant alleges that at the time of the accident, the roadway was covered with ice and had not been sanded. The defendant alleges that to the extent the plaintiffs seek to recover damages from the defendant, the negligence of the city of Danbury "should be determined and considered for an apportionment share of such damages pursuant to Connecticut General Statutes § 52-572h." The plaintiffs filed a motion to strike the apportionment complaint on various grounds. The defendant has objected to the motion to strike. The matter was heard by the court on May 5, 1997.
"The purpose of the motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576,580, (1997).
Public Acts 1995 No. 95-111, codified at General Statutes § 527-102b, states in pertinent part that "[n]o person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment purposes pursuant to section 52-572." "Public Act 95-111 provides that the procedure outlined in the act is the `exclusive means by which a defendant may add a person who is or may be liable pursuant to [§ 52-572h]. . . ." Teasley v. Delta ElevatorServices, Inc., Superior Court, judicial district of Waterbury, Docket No. 129123 (December 31, 1956) (Pelligrino, J.) (18 CONN. L. RPTR. 367, 368). "Prior to passage of Public Act 95-111, the CT Page 11710 court acknowledges . . . that there was a split of authority as to whether an immune person could be cited in for purposes of apportioning liability under General Statutes § 52-572h."Catalan v. Machnik Construction Co., Inc., Superior Court, judicial district of New London at New London, Docket No. 535192 (March 8, 1996) (Austin, J.) (16 CONN. L. RPTR. 285, 289). "The legislature, however, in enacting Public Act 95-111, § 1(c) resolved this split of authority when it states `no person who is immune from liability shall be made an apportionment defendant . . . .'" Id.
In Bradley v. Randall, Superior Court, judicial district of Windham, Docket No. 052173 (April 8, 1996, Sferrazza, J.) (18 CONN. L. RPTR. 636), aff'd, 45 Conn. App. 924, (1997), the defendants filed an apportionment complaint under Public Act 95-111 alleging that the town had contributed to the accident by maintaining a defective intersection. The court held that a municipality can never be an apportionment defendant based on an allegation of injuries caused by a defective highway.
Based on the foregoing cases, the defendant's apportionment complaint is stricken, as the city of Danbury cannot be made an apportionment party under § 52-102b or the defective highway statute, § 13a-149.
STODOLINK, J.